J-S29021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY SCOTT HOFFMAN | : | |
| | : | |
| Appellant | : | No. 1264 WDA 2024 |

Appeal from the Order Entered August 15, 2024
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0000254-1996

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY SCOTT HOFFMAN | : | |
| | : | |
| Appellant | : | No. 1378 WDA 2024 |

Appeal from the Order Entered August 15, 2024
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0000255-1996

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY SCOTT HOFFMAN | : | |
| | : | |
| Appellant | : | No. 1379 WDA 2024 |

Appeal from the Order Entered August 15, 2024
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0000256-1996

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :            PENNSYLVANIA
                              :
              v.              :
                              :
                              :
                              :
JEFFREY SCOTT HOFFMAN         :
                              :
          Appellant           :  No. 1380 WDA 2024

Appeal from the Order Entered August 15, 2024
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0000257-1996

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :            PENNSYLVANIA
                              :
              v.              :
                              :
                              :
                              :
JEFFREY SCOTT HOFFMAN         :
                              :
          Appellant           :  No. 1381 WDA 2024

Appeal from the Order Entered August 15, 2024
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0000258-1996

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:              **FILED: October 7, 2025**

Jeffrey Scott Hoffman ("Hoffman") takes these consolidated appeals from the orders denying his petitions for leave to proceed *in forma pauperis* and "[o]pen and [v]acate [j]udgment" ("Petitions"), which he filed in the above-listed criminal cases.[1]  In the Petitions, Hoffman alleged that the denial

---

[1] Hoffman filed a single notice of appeal listing all five cases, but, in response to this Court's order, filed separate amended notices of appeal in each case. *See Commonwealth v. Young*, 280 A.3d 1049, 1057 (Pa. Super. 2022). This Court consolidated the appeals *sua sponte*.

- 2 -

of his pre-trial suppression motion was the product of fraud and collusion among his counsel, the Commonwealth, and the trial court. Hoffman has also filed in this Court applications for relief concerning the timeliness of his appeals. We grant Hoffman's applications for relief, conclude the trial court should have dismissed the Petitions as untimely petitions seeking relief under the Post Conviction Relief Act ("PCRA"),[2] but otherwise affirm the trial court's orders denying relief.

The following procedural history is relevant to this appeal. After police stopped and arrested Hoffman for prowling, Hoffman consented to searches of his apartment and car. During those searches, police recovered evidence connecting Hoffman to a series of rapes of elderly victims in the Johnstown area. Hoffman, through his counsel ("trial counsel"), filed a motion to suppress that evidence claiming, *inter alia*, an unlawful detention and/or arrest that tainted all evidence connecting Hoffman to the rapes. Following a suppression hearing, at which Hoffman did not testify, the trial court denied the motion. Hoffman requested a rehearing on the suppression motion and stated he intended to testify at the new hearing. *See* Mot. for Rehr'g, 10/17/96, unnumbered at 1 (stating that Hoffman "has since indicated to counsel that he wishes to testify relative to the circumstances surrounding the illegal stop and seizure"). The trial court denied that motion.

---

[2] *See* 42 Pa.C.S.A. §§ 9541-9546.

In 1996, a jury convicted Hoffman of numerous counts of rape and related offenses, and the trial court sentenced him to an aggregate maximum term of imprisonment of almost two hundred years. After the PCRA court granted Hoffman leave to file a direct appeal *nunc pro tunc*, this Court affirmed judgment of sentence and adopted the trial court's opinion that it had properly denied Hoffman's suppression motion. **See Commonwealth v. Hoffman**, 742 A.2d 1144, 1860 Pittsburgh 1998 (Pa. Super. 1999) (unpublished mem. at 4). Our Supreme Court denied Hoffman's petition for allowance of appeal in 2000. Hoffman did not file a petition for writ of *certiorari* in the High Court.

Hoffman did not file a timely PCRA petition following the conclusion of his direct appeal. Instead, he filed a petition for writ of *habeas corpus* in the federal district court. The federal district court denied that petition, and Hoffman pursued appeals through the federal courts, which ended in 2002 when the High Court denied his petition for writ of *certiorari*.

In 2003, Hoffman filed a facially untimely first PCRA petition, and the court appointed new counsel. The PCRA court dismissed the petition as untimely.[3] This Court affirmed, and our Supreme Court denied allowance of appeal. **See Commonwealth v. Hoffman**, 855 A.2d 132, 1327 WDA 2003 (Pa. Super. 2004) (unpublished mem. at 2). In 2015, Hoffman filed a second PCRA petition. The PCRA court denied relief following an evidentiary hearing,

---

[3] In his 2003 PCRA petition, Hoffman raised issues concerning the allegedly fraudulent litigation of his suppression motion similar to those raised in the present appeal.

- 4 -

and this Court affirmed. ***See Commonwealth v. Hoffman***, 159 A.3d 993, 1779 WDA 2015 (Pa. Super. 2016) (unpublished mem. at 2).[4]

In 2024, Hoffman filed the instant Petitions, in which he asserted fraud at the suppression hearing. The trial court denied the Petitions because Hoffman did not state a claim upon which relief could be granted. Hoffman timely appealed,[5] and both he and the trial court complied with Pa.R.A.P. 1925. In its Rule 1925(a) opinion, the trial court reasoned that Hoffman could not seek equitable relief from his convictions because he had adequate alternate remedies to address his claims, including the PCRA. ***See***, ***e.g.***, Trial Ct. Op., CP-11-CR-0000254-1996, at 3.

Hoffman raises the following issue for our review:

I.      Whether the lower court erred and/or abused its discretion by denying [Hoffman's] action in equity and petition to open and vacate judgment for failure to state a claim without allowing [him] to prove his set of facts in support of [his] claim, and does the court's failure in this regard constitute a denial of due process.

Hoffman's Br. at 2.

---

[4] Hoffman's 2015 PCRA petition asserted new facts that challenged the reliability of expert opinions concerning hair comparisons, which had been presented at his 1996 trial.

[5] Although Hoffman's initial notice of appeal was docketed on October 18, 2024, Hoffman has filed in this Court applications for relief requesting a correction to the docket entry of his notice of appeal. In those applications, Hoffman attached a certified mail receipt stamped September 9, 2024. We conclude Hoffman has supplied verifiable proof of the date on which he filed his initial notice of appeal from prison, and, accordingly, we grant his application for relief and decline to quash this appeal. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997).

We must first consider the nature of the relief sought in Hoffman's Petitions. *See Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019) (noting that subject matter jurisdiction is a question of law, which can be raised by a court, *sua sponte*, at any stage of the proceeding). This is a legal question over which our standard of review is *de novo* and our scope is plenary. *See Commonwealth v. Descardes*, 136 A.3d 493, 496 (Pa. 2016).

The PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . .." 42 Pa.C.S.A. § 9542. The PCRA subsumes all manner of post-conviction relief unless it could not have provided a potential remedy. *See Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

Section 9543(a)(2) enumerates seven grounds for PCRA relief, including constitutional violations undermining the truth-determining process, *see* 42 Pa.C.S.A. § 9543(a)(2)(i), and the ineffective assistance of counsel, *see* 42 Pa.C.S.A. § 9543(a)(2)(ii). If a petition raises claims cognizable under section 9543(a)(2), a court cannot consider the petition unless the petitioner either files a facially timely petition or pleads and proves one of three statutory timeliness exceptions. *See* 42 Pa.C.S.A. 9545(b)(1)(i)-(iii). The timeliness requirements of the PCRA are jurisdictional and not subject to equitable exceptions. *See Commonwealth v. Laird*, 331 A.3d 579, 599 (Pa. 2025); *Commonwealth v. Murphy*, 180 A.3d 402, 404 (Pa. Super. 2018). In short, "[n]o court has jurisdiction to review an untimely PCRA petition." *Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019) (internal citation omitted).

Here, Hoffman's Petitions alleged fraud in the litigation and the denial of his motion to suppress, and his arguments in these appeals do the same. *See*, *e.g.*, Petition, CP-11-CR-0000254-1996, 8/12/24, at 1 (asserting that the "willful and corrupt conduct orchestrated and perpetrated by a Cambria County [trial j]udge, a District Attorney of Cambria County, two Cambria County Public Defenders, and a [c]ourt-appointed appella[te] attorney . . . took part in a scheme to cover-up, conceal, and suppress the circumstances surrounding an illegal arrest . . .."); Hoffman's Br. at 3-4, 8-9. Hoffman adds that the summary dismissal of his claims violated his due process rights because he has not had an opportunity to be heard on his allegations of fraud. *See* Hoffman's Br. at 8.

We conclude the PCRA provided a remedy for Hoffman's claims of fraud as constitutional violations which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *See* 42 Pa.C.S.A. § 9543(a)(2)(i). To the extent Hoffman alleged his trial counsel colluded in the fraud at the suppression hearing, the PCRA provided a remedy for the alleged ineffective assistance of counsel. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii). Therefore, the trial court should have regarded Hoffman's instant Petitions as PCRA petitions. *See Descardes*, 136 A.3d at 503 (stating that "where a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review").

We next consider whether Hoffman invoked the court's jurisdiction to consider the merits of his PCRA claims. *See Commonwealth v. Ballance*,

203 A.3d 1027, 1032 (Pa. Super. 2019). Here, Hoffman's convictions became final in 2000, after our Supreme Court denied his petition for allowance of appeal in his direct appeal and Hoffman did not seek further review. *See* 42 Pa.C.S.A. § 9545(b)(1), (3). Hoffman would have had until 2001 to file a facially timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). The instant Petitions, filed more than twenty-three years later, are facially untimely.

Hoffman thus bore the burden of pleading and proving a statutory timeliness exception under section 9545(b)(1)(i)-(iii). However, a review of the Petitions, as well as Hoffman's arguments in these appeals, establish that he has not, and cannot, demonstrate any of the three statutory exceptions for the interference by governmental officials in the presentation of his claims, the discovery of a new fact upon which his claims were based, or a newly recognized constitutional right. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Hoffman's bald assertions of fraud during the litigation of his motion to suppress, do not state a statutory time-bar exception. *See Murphy*, 180 A.3d at 404-05. Accordingly, the trial court lacked jurisdiction to consider the Petitions and should have dismissed them as untimely PCRA petitions. *See Ballance*, 203 A.3d at 1032. [6]

---

[6] We acknowledge Hoffman's apparent attempts to avoid the PCRA timeliness requirements by referring to the court's inherent authority to address fraud and by citation to 42 Pa.C.S.A. §§ 5504 and 5505. However, his arguments attempt to carve out equitable exceptions to the PCRA's time requirements, which no court has authority to do. *See Laird*, 331 A.3d at 599.

Even if Hoffman had attempted to plead a timeliness exception, no relief would have been due under the PCRA. Contrary to Hoffman's claim that he did not have an opportunity to litigate his claims of fraud, Hoffman could have raised his claims at the suppression hearing, in his direct appeal, or in a timely filed PCRA petition. *Cf*. 42 Pa.C.S.A. § 9544(b) (stating that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"). Moreover, Hoffman raised nearly identical claims of fraud and the ineffective assistance of counsel in a prior 2003 PCRA petition, and this Court affirmed the dismissal of the 2003 PCRA petition on timeliness grounds. Therefore, the issues raised in this appeal have been previously litigated, *cf*. 42 Pa.C.S.A. § 9544(a), and the prior determinations that Hoffman's claims are time barred are binding in this appeal.

For these reasons, we affirm the trial court's denial of Hoffman's Petitions, but we do so on different grounds than relied on by the trial court. *See Commonwealth v. Kennedy*, 151 A.3d 1117, 1127 n.14 (Pa. Super. 2016) (noting this Court may affirm a trial court's ruling on any basis).[7]

Orders affirmed. Application for relief granted.

_____

[7] Because the trial court did not consider the Petitions under the PCRA, it did not issue a Pa.R.Crim.P. 907 notice before dismissing the Petitions. However, the failure to issue a Rule 907 notice is not reversible error where the record makes clear that the underlying PCRA petition was untimely. *See Commonwealth v. Zeigler*, 148 A.3d 849, 852 (Pa. Super. 2016).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/7/2025